# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
KATHY BISER,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.
* * * * * * * * * * * * * * * * * * *

No. 17-1880V

Special Master Christian J. Moran

Filed: May 4, 2022

Attorneys' fees and costs.

Joseph Vuckovich, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner;
Emilie Williams, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Kathy Biser prevailed in her claim brought in the National Childhood Vaccine Compensation Program. She is now seeking an award for attorneys' fees and costs. She is awarded **$144,884.27**.

\*   \*   \*

Represented by attorney Joseph Vuckovich, Ms. Biser filed her petition on December 5, 2017, alleging that a Tetanus-Diphtheria-acellular pertussis ("Tdap") vaccine caused her to suffer from a shoulder injury related to vaccine administration ("SIRVA"). After the Secretary found the evidence insufficient to

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

support this claim, Ms. Biser retained an expert witness, physical medicine and rehabilitation ("PMR") specialist Marko Bodor, to file a report.  Dr. Bodor wrote such a report, and later wrote a second report in response to a report from an expert the Secretary retained.  After discussions, the parties resolved this case.  The parties submitted a stipulation that a decision incorporated.  Decision, 2021 WL 1430902 (Mar. 24, 2021).

On May 10, 2021, Ms. Biser filed a motion for an award of attorneys' fees and costs.  The motion seeks a total of $146,384.27, comprised of $138,930.80 in attorneys' fees and $7,453.47 in attorneys' costs.  Ms. Biser did not incur any costs.

The Secretary filed a response to Ms. Biser's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed May 25, 2021, at 2.  With respect to amount, the Secretary recommended "that the [special master] exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.

This matter is now ripe for adjudication.

\*     \*     \*

Because Ms. Biser received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

I.     **Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Hum. Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

A.  Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895 n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[2]

Ms. Biser requests compensation for attorney Joseph Vuckovich (and attorney Altom Maglio, to a lesser extent), as well as paralegals who assisted them. Mr. Vuckovich has charged $290 per hour in 2017, $300 per hour in 2018, $315 per hour in 2019, $345 per hour in 2020, and $370 per hour in 2021. Mr. Maglio charged $362 per hour for his brief contribution. The paralegal rates varied over the years, ranging from $135 per hour to $165 per hour. These rates are reasonable. Barlow v. Sec'y of Health & Hum. Servs., No. 17-513V, 2021 WL

---

[2] The 2015–2016, 2017, 2018, 2019, 2020, 2021 and 2022 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

3

2768383 (Fed. Cl. Spec. Mstr. June 7, 2021); Arya v. Sec'y of Health & Hum. Servs., No. 17-425V, 2021 WL 5854061 (Fed. Cl. Spec. Mstr. Nov. 22, 2021).

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The attorneys' and paralegals' entries describe the activities with sufficient detail that the reasonableness of the work may be assessed. Due to the fulsome descriptions in the timesheets and the overall reasonableness of the activities, only minimal adjustments are required.

The attorney charged some hours that involved reviewing and revising the fees invoices, which should have been billed at paralegal rates. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. Savin v. Sec'y of Health & Hum. Servs., No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008) (special master reducing attorney hours preparing an "uncomplicated" fee petition from six to four hours), mot. for rev. denied, 85 Fed. Cl. 313 (2008). Furthermore, the lengthy time spent on revisions suggests they were necessary due to initially poor record keeping. To accomplish rough justice, the undersigned finds that $1,500 is a reasonable reduction.

For these reasons, Ms. Biser is awarded the amount requested in attorneys' fees, $137,430.80.

## II. Costs

In addition to seeking an award for attorneys' fees, Ms. Biser seeks compensation for costs expended, totaling $7,453.47. The costs for routine items, such as medical records and the filing fee are reasonable. Ms. Biser is awarded these costs ($2,086.97) in full.

The balance ($5,366.50) is for the work of Dr. Bodor. His invoice presents a reasonable hourly rate ($500 per hour) and a reasonable number of hours. Johnson v. Sec'y of Health & Hum. Servs., No. 17-59V, 2020 WL 7868159 (Fed. Cl. Spec. Mstr. Nov. 24, 2020).

For these reasons, Ms. Biser is awarded the amount requested in attorneys' costs, $7,453.47.

*   *   *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $144,884.27 ($137,430.80 in fees and $7,453.47 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $146,384.27 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $144,884.27 in the form of a check made payable to petitioner and petitioner's attorney, Joseph Vuckovich, of Maglio Christopher & Toale, P.A., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

S/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.